FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ FEB 1 5 2006 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

IN RE: SIMON II LITIGATION

MEMORANDUM,
ORDER &
----------------------------------------------------------x
JUDGMENT

THIS DOCUMENT CONSOLIDATES
THE FOLLOWING ACTIONS:

00-CV-5332

SIMON, et al. v. PHILIP MORRIS, INC., et al.     99-CV-1988

DECIE, et al. v. THE AMERICAN TOBACCO COMPANY, et al.     00-CV-2340

EBERT, et al. v. PHILIP MORRIS, INCORPORATED, et al.     00-CV-4632

----------------------------------------------------------x

JACK B. WEINSTEIN, Senior District Judge:

On September 6, 2000, individual and representative plaintiffs in ten existing actions filed a consolidated class action complaint, *In re Simon (II) Litigation* ("Simon II"), on behalf of a proposed comprehensive nationwide class of persons claiming injury from smoking allegedly caused by fraud on behalf of defendant manufacturers and advertisers of cigarettes. They sought certification as a class and a joint trial of the common questions of law and fact determining defendants' total liability for punitive damages on all claims and theories of relief. The predecessor actions had sought both compensatory and punitive damages.

1



On December 22, 2000, plaintiffs filed a First Amended Consolidated Class Action Complaint and moved for class certification. They narrowed the case on May 28, 2002 to include only three actions, *Simon v. Philip Morris* ("Simon I"), *Decie v. American Tobacco Co.* ("Decie"), and *Ebert v. Philip Morris, Inc.* ("Ebert"), filing a Second Amended Consolidated Class Action Complaint and an amended motion for class certification. The amended and renewed motion for class certification sought certification on behalf of two classes: a class of 20-pack-year smokers with lung cancer to be certified for all purposes, including compensatory and punitive damages, and a broader disease-based class solely for purposes of determining class-wide punitive damages. The first was to be an opt-out class under Rule 23(b)(3) and the latter a non-opt-out punitive damages class under Rule 23(b)(1)(B).

After this court expressed reservations at an oral hearing about plaintiffs' proposal to limit a smokers' class to persons with lung cancer only or to persons with a 20-pack-year history of cigarette smoking only, on July 26, 2002, the plaintiffs filed a Third Amended Complaint. In their Third Amended Complaint and the accompanying motion for certification, plaintiffs sought certification of a single class of smokers suffering from various diseases that the medical community attributes to smoking, including 20-pack-year smokers with lung cancer, for the sole purpose of determining defendants' total liability for punitive damages.

In a memorandum and order dated September 19, 2002, this court certified this punitive damages only non-opt-out class pursuant to Rule 23(b)(1)(B). *In re Simon II Litig.*, 211 F.R.D. 86 (E.D.N.Y., 2002). The court noted that although plaintiffs chose the more limited course in pursuing a punitive class only, certification "for determination

2

of compensatory damages to be distributed using an appropriate matrix would be possible and might be desirable in coordination with the class now certified." *Id.* at 101.

The class certification ruling was appealed pursuant to Federal Rule of Civil Procedure 23(f). By a decision dated May 6, 2005, the Second Circuit Court of Appeals reversed and remanded. It left open the issue of whether a class action for punitive damages based on a recovery for compensatory damages could proceed. *In re Simon II Litig.*, 407 F.3d 125 (2d Cir. 2005).

Plaintiffs now have moved for dismissal of the action. *See* Pls.' Mem. Regarding Voluntary Dismissal; and in the Alternative, in Supp. of Mot. for Dismissal ("Pls.' Mem."). Defendants have consented to dismissal. *See* February 1, 2006 Letter from Harold K. Gordon on behalf of all Defs. ("Defs.' Letter").

In support of dismissal, plaintiffs' counsel note that they have been contacted by approximately 763 cigarette smokers or their family members concerning the status of the *Simon II* litigation or membership in the proposed class. They have provided up-to-date information about the litigation to all such contacts. Once the litigation has been dismissed, they plan to send "appropriate correspondence" to the entire contact list. Information concerning the status of the action has also been posted on the website of the lead plaintiffs' counsel, Lieff Cabraser Heimann & Bernstein LLP. Pls.' Mem. 8.

It is possible that another group of plaintiffs would seek to substitute themselves for the present plaintiffs and proceed with the suit, relying on a new group of plaintiffs' lawyers. This possibility raises questions regarding the tolling of the statute of limitations. *See, e.g., Crown Cork v. Parker*, 462 U.S. 345 (1983) (the filing of a class

3

action tolls the statute of limitations as to all asserted members of a class whether they choose to intervene or file individual actions following the denial of class certification); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454 (1975) (the tolling effect given to timely prior filings in previous cases "depended heavily on the fact that those filings involved exactly the same cause of action subsequently asserted"); *Cullen v. Margiotta*, 811 F.2d 698 (2d Cir. 1987) (the statute of limitations in a civil RICO action could be tolled by a putative class action alleging state law claims that concerned the same wrongful acts as the subsequent RICO claims, even though the suits would be premised on different legal theories); *Korwek v. Hunt*, 827 F.2d 874 (2d Cir. 1987) (while the filing of a class action suit tolls the statute of limitations as to those who file individual actions following denial of class certification, it does not toll the statute as to those filing a subsequent class action suit). It also raises a question of whether there is need for notice, given that there is not a certified class in this action. *See* Fed. R. Civ. P. 23(e)(1)(A)-(B) (as amended 2003) (requiring court approval of dismissal only when there is a "certified class" and mandating notice only to "class members" who would be bound by the dismissal). *But see Schick v. Berg*, 2004 WL 856298 (S.D.N.Y. April 20, 2004) ("Under this analysis, we may venture a few statements about the scope of the fiduciary duty owed by class counsel to putative class members prior to class certification. In short, the scope of those duties is limited to protecting the substantive legal rights of putative class members that form the basis of the class action suit from prejudice in an action against the class defendant resulting from the actions of class counsel. Where the actions of class counsel put those rights at risk, class counsel must at a minimum put absent class

members on notice and provide them with an opportunity to object. Where they fail to do so, class counsel exposes itself to potential liability for breach of its fiduciary duties.").

The court is concerned about possible issues of the tolling of statutes of limitations. It is not in a position to resolve such issues without providing an undesirable advisory opinion. If another related action is brought, the tolling problem is best dealt with in connection with the specific facts of that case.

This court's and plaintiffs' counsel's responsibility to the putative class in the present case, however it may be defined, will be sufficiently fulfilled by: (1) a 30-day stay of this court's order of dismissal; (2) widespread knowledge in the field regarding this litigation; (3) notice by plaintiffs' counsel of this memorandum, judgment and order to the over 750 persons who have expressed an interest in the case; and (4) the practice of the leading plaintiff mass action litigation attorneys to keep abreast of the state of major tobacco litigations.

The court recognizes that, given the enormous expense of conducting litigations such as the present one, there are only a limited number of attorneys with the capital, legal resources, and courage to conduct a major case against the tobacco industry. Plaintiffs are presently represented by one of the most powerful and skilled law firms in cases of this type. If plaintiffs' current counsel does not wish to proceed with this case after investing so much capital and time, it is unlikely that any other competent plaintiffs' firm would wish to undertake the case.

The case is dismissed. Judgment of dismissal will be entered in favor of the defendants. Each side is to absorb its own costs and disbursements.

Effectiveness of this judgment will be stayed for 30 days. Plaintiffs' current counsel shall: (1) promptly place a copy of this memorandum, judgment and order on its website; (2) send a copy to other plaintiffs' firms known to counsel who might be capable of undertaking the case; and (3) notify the over 750 persons who have expressed an interest of the website posting. If no motion to further stay this order is received within 30 days, the clerk of the court shall enter a judgment for defendants.

SO ORDERED.

Jack B. Weinstein

Dated: February 6, 2006
Brooklyn, New York